# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL THOMAS, | CASE NO.   1:11-cv-00187-GBC (PC) |
| Plaintiff, | COMPLAINT DISMISSED WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| RAUL LOPEZ, et al., | |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

## SCREENING ORDER

**I.   PROCEDURAL HISTORY**

Plaintiff Darryl Thomas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on January 18, 2011 and consented to Magistrate Judge jurisdiction on February 11, 2011. (ECF Nos. 1 & 9.)  No other parties have appeared.  Plaintiff's Complaint is now before the Court for screening.

For the reasons set forth below, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted.

## II. **SCREENING REQUIREMENTS**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

## III. **SUMMARY OF COMPLAINT**

Plaintiff alleges interference with his mail. Plaintiff names the following individuals as Defendants: Raul Lopez, Warden; A. Maxfield, Correctional Officer; and Corcoran State Prison.

Plaintiff alleges as follows: On April 15, 2010, Plaintiff placed two unsealed

envelopes in the mailbox for mailing.  Defendant Maxfield examined the letters, and then switched the letters, placing the wrong letters in the wrong envelopes.  The letters were then mailed to the wrong addressees which caused Plaintiff to lose his legal support group.[1]

Plaintiff seeks declaratory relief, and compensatory and punitive damages.

## IV.   ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A.   First Amendment

Plaintiff appears to be alleging that his First Amendment right to send mail is being interfered with.

Prisoners have "a First Amendment right to send and receive mail."  Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam).  However, there must be a "delicate balance" between prisoners' First Amendment rights and the discretion given to prison administrators to govern the order and security of the prison.  Thornburgh v. Abbott, 490

---

[1] The individuals that the letters were sent to are categorized by Plaintiff as his "legal support group", i.e. individuals assisting him with legal research, legal copying, providing legal documents, and financially supporting his litigation related activities.  Because of the switch by Maxfield, the individuals became aware of each other and stopped supporting Plaintiff.

U.S. 401, 407-408 (1989). Prison officials have more leeway to regulate incoming than outgoing mail because of the greater security risks inherent in materials coming into a prison. Id. at 413.

With respect to outgoing correspondence from prisoners to non-prisoners, an exception to the Turner v. Safley, 482 U.S. 78, 89 (1987), standard applies. Because outgoing correspondence from prisoners does not, by its very nature, pose a serious threat to internal prison order and security, there must be a closer fit between any regulation or practice affecting such correspondence and the purpose it purports to serve. Thornburgh, 490 U.S. at 411-12. Censorship of outgoing prisoner mail is justified if the following criteria are met: (1) the regulation furthers "an important or substantial government interest unrelated to the suppression of expression" and (2) "the limitation on First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved." Procunier v. Martinez, 416 U.S. 396, 413 (1974), overturned on other grounds by Thornburgh, 490 U.S. at 413-14.

However, the inspection for contraband of non-legal mail does not violate a prisoner's constitutional rights. See Witherow v. Paff, 52 F.3d 264, 265-66 (9th Cir. 1995) (upholding inspection of outgoing mail); Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991) (upholding inspection of incoming mail); Gaines v. Lane, 790 F.2d 1299, 1304 (7th Cir. 1986) (upholding inspection of outgoing and incoming mail).

Plaintiff states that Defendant Maxfield mixed up two of Plaintiff's outgoing letters. Plaintiff states that this has happened once before. However, each appear to be isolated incidents of negligence. An isolated incident of interference with mail is not enough to state a First Amendment claim. See Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003);

Gardner v. Howard, 109 F.3d 427, 431 (8th Cir.1997); Sizemore v. Williford, 829 F.2d 608, 610 (7th Cir. 1987) (allegations of isolated delay or some other relatively short-term, non-content-based disruption in delivery of inmate mail not enough to state 1st Amendment claim); Bach v. Illinois, 504 F.2d 1100, 1102 (7th Cir. 1974) (isolated incident of mail mishandling insufficient to state claim under 1st Amendment), cert. denied, 418 U.S. 910 (1974); Lingo v. Boone, 402 F.Supp. 768, 773 (N.D.Cal.1975). When a claim involves nothing more than occasional error, delay, or negligence in the handling of mail, however, with no resulting injury or prejudice to the prisoner, there is no constitutional violation.

Plaintiff makes some reference to these letters being to his legal support team, implying that this was legal mail. Plaintiff is advised that legal mail is narrowly defined as mail between a prisoner and his attorney. See Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996) (mail from court is not legal mail); Mann v. Adams, 846 F.2d 589, 590 (9th Cir. 1998) (mail from public officials is not legal mail); see also United States v. Griffin, 440 F.3d 1138, 1144 (9th Cir. 2006) (letter from prisoner to his wife, an attorney, regarding non-legal matters not privileged legal mail). Thus, it appears that this was not legal mail as Plaintiff does not describe the addressees as his attorneys. Regardless, even isolated incidents of legal mail interference without any evidence of improper motive or resulting interference with the right to counsel or access to the courts does not give rise to a constitutional violation. Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990); Morgan v. Montanye, 516 F.2d 1367, 1370-71 (2d Cir. 1975) (finding no claim where opening of letter from prisoner's attorney outside of prisoner's presence in single instance did not result in damage), cert. denied, 424 U.S. 973 (1976).

Furthermore, to the extent Plaintiff claims the interference with the mail has caused a denial of access to the courts, he must allege the specific instance(s) in which he was actually denied access to the court. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989). For example, mere delay in sending court filings would not be enough if the papers were nevertheless timely filed or accepted and considered by the court. See Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987).

Plaintiff's claim for mail interference under the First Amendment fails. He will be given one opportunity to amend where he must demonstrate more than mere negligence.

**B.     Due Process Claim**

Plaintiff may be attempting to state a due process claim in relation to his property.

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n. 13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435–36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533. California provides such a remedy. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (per curiam).

Here, Plaintiff fails to allege sufficient facts to indicate that the deprivation of his property was intentional and authorized, and thus fails to state a claim. In fact, as stated

above, it appears that this was negligence on the part of Defendant Maxfield. Plaintiff's claim for due process fails. He will be given leave to amend and attempt to state such a claim.

### C. Supervisory Liability/Failure to Train

Plaintiff alleges that Defendant Lopez failed to train or supervise the other prison officials.

Supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of respondeat superior. Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 691 (1978). Therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979). In other words, "[u]nder § 1983 a supervisor is only liable for his own acts. Where the constitutional violations were largely committed by subordinates the supervisor is liable only if he participated in or directed the violations." Humphries v. County of Los Angeles, 554 F.3d 1170, 1202 (9th Cir. 2009).

A supervisor's failure to train subordinates may give rise to individual liability under Section 1983 where the failure amounts to deliberate indifference to the rights of persons whom the subordinates are likely to come into contact. See Canell v. Lightner, 143, F.3d 1210, 1213-14 (9th Cir. 1998). To impose liability under this theory, a plaintiff must demonstrate that the subordinate's training was inadequate, that the inadequate training was a deliberate choice on the part of the supervisor, and that the inadequate training caused a constitutional violation. Id. at 1214; see also City of Canton v. Harris, 489 U.S. 378, 391 (1989); Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001).

Here, Plaintiff states that Defendant Lopez is responsible for the mail and alleges that he failed to train his subordinates to refrain from tampering with the mail. He goes on to state that Lopez implemented polices that violate Plaintiff's access to the courts. Plaintiff does not state what these implemented policies were nor how Defendant's training was deficient. Plaintiff merely makes conclusory allegations and alleges nothing in the way of demonstrating this claim and therefore fails to state a claim. If he chooses to amend this claim, Plaintiff must specify which aspects of Defendant's training were deficient, how Lopez was responsible for those deficiencies, and how those deficiencies caused subordinate Defendants to harm Plaintiff.

## V.   CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted. The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims. Plaintiff should focus the amended complaint on claims and defendants relating solely to issues arising out of the

events described herein.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:11-cv-187-GBC (PC); and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   June 23, 2011

UNITED STATES MAGISTRATE JUDGE