UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL THOMAS, | CASE NO.   1:11-cv-00187-GBC (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM |
| v. | |
| RAUL LOPEZ, et al., | (ECF No. 11) |
| Defendants. | CLERK TO CLOSE CASE |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Darryl Thomas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 18, 2011 and consented to Magistrate Judge jurisdiction on February 11, 2011. (ECF Nos. 1 & 9.)  No other parties have appeared.  Plaintiff's original complaint was dismissed with leave to amend. (ECF No. 10.)  Plaintiff filed a First Amended Complaint on July 15, 2011. (ECF No. 11.)  It is this First Amended Complaint that is now before the Court for screening.

For the reasons set forth below, the Court finds that Plaintiff has failed to state a

claim upon which relief may be granted.

## II. <u>SCREENING REQUIREMENTS</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. <u>Iqbal</u>, 129 S.Ct. at 1949.

## III. <u>SUMMARY OF COMPLAINT</u>

Plaintiff alleges interference with his mail. Plaintiff names the following individuals as Defendants: Raul Lopez, Warden; A. Maxfield, Correctional Officer; and Corcoran State

Prison[1].

Plaintiff alleges as follows: On April 15, 2010, Plaintiff placed two unsealed envelopes in the mailbox for mailing. Defendant Maxfield examined the letters, and then switched the letters, placing the wrong letters in the wrong envelopes. The letters were then mailed to the wrong addressees which caused Plaintiff to lose his legal support group.[2]

Plaintiff seeks declaratory relief, and compensatory and punitive damages.

## IV.    ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

Plaintiff alleges that this mail interference violated his First Amendment right to send mail.

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). However, there must be a "delicate

---

[1] Plaintiff names Corcoran State Prison as a Defendant, but fails to attribute any unconstitutional action to it.

[2] The individuals that the letters were sent are categorized by Plaintiff as his legal support group, i.e. individuals assisting him with legal research, legal copying, providing legal documents, and financially supporting his litigation related activities. Because of the switch by Maxfield, the individuals became aware of each other and stopped funding Plaintiff and his litigation related activities.

balance" between prisoners' First Amendment rights and the discretion given to prison administrators to govern the order and security of the prison. Thornburgh v. Abbott, 490 U.S. 401, 407-408 (1989). Prison officials have more leeway to regulate incoming than outgoing mail because of the greater security risks inherent in materials coming into a prison. Id. at 413.

With respect to outgoing correspondence from prisoners to non-prisoners, an exception to the Turner v. Safley, 482 U.S. 78, 89 (1987), standard applies. Because outgoing correspondence from prisoners does not, by its very nature, pose a serious threat to internal prison order and security, there must be a closer fit between any regulation or practice affecting such correspondence and the purpose it purports to serve. Thornburgh, 490 U.S. at 411-12. Censorship of outgoing prisoner mail is justified if the following criteria are met: (1) the regulation furthers "an important or substantial government interest unrelated to the suppression of expression" and (2) "the limitation on First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved." Procunier, 416 U.S. at 413, overturned on other grounds by Thornburgh, 490 U.S. at 413-14.

However, the inspection for contraband of non-legal mail does not violate a prisoner's constitutional rights. See Witherow v. Paff, 52 F.3d 264, 265-66 (9th Cir. 1995) (upholding inspection of outgoing mail); Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991) (upholding inspection of incoming mail); Gaines v. Lane, 790 F.2d 1299, 1304 (7th Cir. 1986) (upholding inspection of outgoing and incoming mail).

Plaintiff states that Defendant Maxfield mixed up two of Plaintiff's outgoing letters and that Maxfield was well aware of what she was doing. This again appears to be an

isolated incident of negligence.  As previously noted in the Court's Screening Order, isolated incidents of interference with mail is not enough to state a First Amendment claim. See Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir.1997); Sizemore v. Williford, 829 F.2d 608, 610 (7th Cir. 1987) (allegations of isolated delay or some other relatively short-term, non-content-based disruption in delivery of inmate mail not enough to state 1st Amendment claim); Bach v. Illinois, 504 F.2d 1100, 1102 (7th Cir. 1974) (isolated incident of mail mishandling insufficient to state claim under 1st Amendment), cert. denied, 418 U.S. 910 (1974); Lingo v. Boone, 402 F.Supp. 768, 773 (N.D.Cal.1975).  When a claim involves nothing more than occasional error, delay, or negligence in the handling of mail, however, with no resulting injury or prejudice to the prisoner, there is no constitutional violation.

Plaintiff makes some reference to these letters being to his legal support team, implying that this was legal mail.  However, Plaintiff further explains that his legal support team finances his litigation related activities.  Therefore, the Court finds that this was not legal mail.[3]

Plaintiff's claim for mail interference under the First Amendment again fails. Plaintiff was given the appropriate legal standards for stating a mail interference claim in the Court's prior Screening Order. (ECF No. 10.)  Plaintiff was specifically informed that he had not stated any facts suggesting that this was more than negligence.  Plaintiff's amended complaint, while more descriptive, does not meaningfully address the deficiencies noted by the Court.  The Court finds that Plaintiff's mail interference claims are

---

[3] Legal mail is narrowly defined as mail between a prisoner and his attorney. See Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996) (mail from court is not legal mail); Mann v. Adams, 846 F.2d 589, 590 (9th Cir. 1998) (mail from public officials is not legal mail); see also United States v. Griffin, 440 F.3d 1138, 1144 (9th Cir. 2006) (letter from prisoner to his wife, an attorney, regarding non-legal matters not privileged legal mail).

not capable of being remedied by granting further leave to amend.

As to Defendant Lopez, Plaintiff alleges that Lopez implemented improper policies and customs related to the mail.

An allegation that a defendant violated a prison policy is not sufficient to state a constitutional claim.  See Tatum v. Harmon, 2010 WL 4813610, *1 (C.A.Ark. Nov. 29, 2010) (citing Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997) (no Section 1983 liability for violation of prison policy)) .  An alleged violation of prison regulations does not provide a basis for an independent cause of action under Section 1983, see, e.g. Moore v. Rowley, 126 F. App'x 759, 760 (8th Cir. 2005) (holding that violation of prison policy does not give rise to 42 U.S.C. § 1983 liability); Moore v. Schuetzle, 486 F.Supp.2d 969, 989 (D.N.D. 2007) ("In order to set forth a claim under 42 U.S.C. § 1983, an inmate must show a violation of his constitutional rights, not merely a violation of prison policy."), and absent the promulgation of "a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation,'" Plaintiff cannot state a claim against Defendants, and his claim for injunctive relief is subject to dismissal. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (citations omitted); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).

Plaintiff appears to argue that the policies are unconstitutional, but again he fails to describe these policies at all.  Plaintiff was specifically informed that if he wanted to pursue a claim against Defendant Lopez he would need to describe the policies.  Plaintiff's amended complaint, is less descriptive and fails to meaningfully address the deficiencies noted by the Court.  As such, the Court finds that Plaintiff's claim against Defendant Lopez is not capable of being remedied by granting further leave to amend.

## V. **CONCLUSION AND ORDER**

The Court finds that Plaintiff's First Amended Complaint fails to state any Section 1983 claims upon which relief may be granted against the named Defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, in this action, Plaintiff filed two complaints and received substantial guidance from the Court in its Screening Orders. (ECF Nos. 1, 10, & 11.) Even after receiving the Court's guidance, Plaintiff failed to make alterations or to include additional facts to address the noted deficiencies. Because of this, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore orders that further leave to amend not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, based on the foregoing, the Court HEREBY ORDERS that this action be DISMISSED in its entirety, WITH PREJUDICE, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   July 20, 2011

UNITED STATES MAGISTRATE JUDGE